UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

Bruce Lawrence Stiller,

Plaintiff,

vs. ORDER

Tennant Company, Inc., and
Life Insurance Company of
North America,

Defendants. Civ. No. 01-43 (RHK/RLE)

* * * * * * * * * * * * * * * * * *

To: Scott Suter, Sawicki & Phelps, P.A., 1811 Weir Drive, Suite 275, Woodbury, Minnesota, 55125.

At Duluth, in the District of Minnesota, this 10th day of May, 2001.

* * *

The above-entitled matter came before the undersigned United States Magistrate Judge upon routine supervision of cases filed in this Division, and upon an assignment made in accordance with Title 28 U.S.C. §636(b)(1)(A).

Both Defendants in this case waived their right to service of a summons, and consequently had 60 days to answer the Complaint or serve some other type of responsive pleading. Defendant Tennant Company ("Tennant") waived service on January 26, 2001, thereby

FILED MAY 10 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

(7)

requiring its response by March 27, 2001.[1] Defendant Life Insurance Company ("Life Insurance") waived service on February 15, 2001, thereby requiring its response by April 16, 2001.[2] On April 4, 2001, Tennant did make an appearance by filing a Motion to Dismiss service letter. Life Insurance, however, has yet to appear by Answer or other pleading.[3]

The Federal Rules of Civil Procedure and the Local Rules of this District require that an Answer or other pleading be filed with the Court. Although an initial Motion for an extension of time will be liberally construed by the Court in the absence of any objection by opposing counsel, the Court does not permit counsel, by agreement, to extend the time for filing an Answer or some other responsive pleading.

---

[1]We employ this date, which is 60 days from the date Tennant actually signed the waiver request, as we do not have any other indication when the waiver request was sent. See, Rule 4(d)(3), Federal Rules of Civil Procedure ("A defendant that, before being served with process, timely returns a waiver so requested is not required to serve an answer to the complaint until 60 days after the date on which the request for waiver of service was sent."). We also note that the Plaintiff and Tennant later stipulated to allowing the response by April 9, 2001.

[2]As with the deadline in regard to Tennant, we employ this date for Life Insurance's response because it is 60 days from the date Life Insurance actually signed the waiver request, since we do not have any other indication when the waiver request was sent.

[3]The Docket in this case does contain a letter filed by Counsel for Life Insurance, addressed to Counsel for the Plaintiff, which states that Life Insurance's Answer is enclosed. No Answer was filed with the Clerk of Court, however.

NOW THEREFORE, It is --

ORDERED:

That counsel for the Plaintiff is directed to:

1. Notify Defendant Life Insurance immediately that it is required to serve and file its Answer or some other responsive pleading, or to move for an extension of time to do so, and that an application for entry of default is required within 10 days of such notification if no response is filed;

2. File an application for entry of default unless the required pleading is filed within 10 days of the referenced notification; or

3. Advise the Court in writing of any good cause to the contrary.

Unless the Plaintiff's counsel complies with this Order within 20 days of this date, this case may be dismissed for lack of prosecution.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE